Thomas D. Shanahan, Esq. TS-3330
Thomas D. Shanahan, P.C.
551 Fifth Avenue, Suite 616
New York, New York 10176
(212) 867-1100, x11
Fax (212) 972-1787
tom@shanahanlaw.com
www.shanahanlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
SEAN RINGGOLD,

                         Plaintiff,

vs.

                                                        Cv. No.

RADAR ONLINE, LLC,
                                                        **Verified**
                                                        **Complaint**

                        Defendants.
-------------------------------------------------------------------------X

      **PLEASE TAKE NOTICE** that **SEAN RINGGOLD**, the Plaintiff in the above captioned action, by and through his attorneys, Thomas D. Shanahan, P.C., does hereby complain of the Defendants as follows:

1. Plaintiff **SEAN RINGGOLD** ("Rinngold") is an individual residing in Queens County, New York.

2. Defendant **RADAR ONLINE LLC** ("Defendant") is a Delaware corporation doing business in the Eastern District of New York with its agent for service listed as CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

3. Venue is appropriate in the Eastern District as Ringgold resides in the Eastern District.

1

## FACTUAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION

4. On November 11, 2013, Defendant printed on its Internet website, www.radarlonline.com, a headline stating: "Bodyguard-To-The-Stars & Soap Star Sean Ringgold Grand Jury Rape Investigation." See Exhibit A.

5. At the time the Defendant printed the headline claiming that Ringgold was charged with or accused of "Rape," the Defendant knew that the statement was untrue.

6. The Defendant claimed Rinngold was charged with "Rape" in the headline and highlighted the untrue accusation in bold lettering. See Id.

7. Upon information and belief, the Defendant intentionally misrepresented the criminal allegations pending against Ringgold, asserting he was accused of "Rape," in an intentional effort to mislead the reader and to increase traffic to the Defendant's website: www.radaronline.com.

8. The Defendant intentionally misrepresented the criminal allegations pending against Ringgold, while linking Ringgold to his past employers Tom Cruise and Katie Holmes.

9. Upon information and belief, the Defendant intentionally and untruthful alleged "Rape" while mentioning Ringgold's high-profile former employers in an effort to generate hits to its website: www.radaronline.com.

10. Defendant went as far as to make the following statement: "The Superior Court of New Jersey has commenced a grand jury investigation into allegations of rape against [Tom] Cruise's former right-hand man." See Exhibit A.

11. Upon information and belief, the Defendant made the unknowingly untruthful

2

statement with actual malice toward Ringgold.

12. Upon information and belief, the Defendant with actual malice, and motivated by the desire to decrease traffic to its website in disregard of the truth, engaged in defamatory conduct towards Ringgold.

13. At the time the defamatory article asserting "Rape" was published, the Defendant was engaged in litigation commenced against the Defendant by Tom Cruise.

14. In that action, Cruise alleged defamation based upon the Defendants reports that Cruise had "abandon[ed] [his daughter] Suri" during his divorce from actress Katie Holmes.

15. Upon information and belief, the Defendant sought to intentionally exaggerate the allegations against Ringgold, in an effort to paint Cruise in a bad-light.

16. The Defendant ran pictures of Tom Cruise, his then wife Katie Holmes and their daughter Suri Cruise, immediately adjacent to the untruthful "Rape" allegation. See Exhibit A.

17. The Defendant ran a picture of Ringgold holding Suri Cruise immediately adjacent to the untruthful "Rape" allegations. See Exhibit A.

18. The Defendant ran photos of Tom Cruise and his family with references to exaggerated statements regarding the criminal charges against Ringgold. See Exhibit A & B.

19. Upon information and belief, the Defendant, intentionally and with malice, defamed Ringgold as alleged herein in an effort to gain a litigation advantage in the ongoing lawsuit commenced against Defendant by Tom Cruise.

20. On or about December 20, 2013, the lawsuit filed by Cruise against Defendant

3

was withdrawn by stipulation of the parties.

21. The Indictment handed down by the Grand Jury, Hudson County, New Jersey, see Exhibit B, clearly confirms that no allegation of "Rape" was made against Ringgold.

22. At the time Defendant made the untruthful "Rape" allegation in the bolded headline, it acknowledged that Ringgold was indicted on three charges, none of which specified "Rape."

23. After running the salacious and untruthful headline "Rape," in subsequent articles, the Defendant discontinued the use of the term "Rape." See Exhibit C.

24. Upon information and belief, the Defendants ceased publishing the word "Rape" because they knew it was untruthful and had gotten substantial worldwide attention from the "Rape" headline on November 11, 2013.

25. However, the untruthful article published to billions of people on the Internet and which remains available on the Internet, has, and continues, to cause Ringgold damage, including damage to his income, profession, reputation and substantial mental anguish.

26. Ringgold has and continues to suffer humiliation, which continues to the present as he now known as a "Rapist." Ringgold will perpetually be known as a rapist based solely upon the conduct of the Defendant.

27. On September 30, 2014, all criminal charges against Ringgold were dropped. See Exhibit D.

28. By and through the defamation complained of herein, Ringgold has suffered damage to his reputation, income, present earnings, future earnings, and suffered

4

humiliation and mental anguish.

29. By and through the defamation complained of herein, Ringgold has been forever labeled a "Rapist" on the Internet which will continue to cause damage to his name, reputation, ability to engage in his livelihood and humiliation and mental anguish.

## AS AND FOR A FIRST CAUSE OF ACTION FOR DEFAMATION

30. Plaintiff repeats and realleges the allegations contained herein the preceding paragraphs as if fully restated herein.

31. Defendant engaged defamation of Ringgold by and through the allegations contained herein.

32. Defendant knew at the time it published on its website the defamatory allegation that Ringgold was accused of "Rape" that the statement was not true.

33. Defendant published the defamatory statement with malice directed towards Ringgold based upon his association with Tom Cruise, with whom the Defendant was engaged in litigation at the time the defamation was published.

34. Defendant's defamatory statements have caused Ringgold damages as identified in this Complaint in an amount currently unknown and to be determined in discovery.

## AS AND FOR A SECOND CAUSE OF ACTION FOR DEFAMTION *PER SE*

35. Plaintiff repeats and realleges the allegations contained herein the preceding paragraphs as if fully restated herein.

36. The conduct complained of herein constitutes defamation *per se*, as it involves untruthful accusations of criminal conduct.

37. Defendant engaged in defamation *per se* of Ringgold by and through the allegations contained herein.

38. Defendant knew at the time it published on its website the defamatory allegation that Ringgold was accused of "Rape" that the statement was not true.

39. Defendant published the defamatory statement with malice directed towards Ringgold based upon his association with Tom Cruise, with whom the Defendant was engaged in litigation at the time the defamation was published.

40. Defendant's conduct constituting defamation *per se* has caused Ringgold damages as identified in this Complaint in an amount currently unknown and to be determined in discovery.

**WHEREFORE**, Ringgold prays for an order of this Court finding against Defendant on the First and Second Causes of Action and for such other, different and further relief as is deemed just, equitable and proper.

Dated:   New York, New York
         November 7, 2014

_____
Thomas D. Shanahan, TS-3330
Thomas D. Shanahan, P.C.
551 Fifth Avenue, Suite 616
New York, New York 10176
(212) 867-1100, x11
Fax (212) 972-1787
tom@shanahanlaw.com
www.shanahanlaw.com

6

## VERIFICATION

**SEAN RINGGOLD,** being duly sworn, does hereby depose and swear subject to penalty of perjury that the allegations contained in the annexed Verified Complaint are true to the best of his knowledge. The exception is allegations premised on "upon information and belief." As to those, he believes them to be true.

Dated: New York, New York
      November 6, 2014

By: _____
   **SEAN RINGGOLD**

Sworn to before me this 6 day of
November, 2014

Thomas D. Shanahan
Notary Public